**IN THE MATTER OF THE PETITION OF EDWARD C. JOHNSON, individually and as agent of the Securities and Exchange Commission, v. A. D. McNEILL, Judge of the Circuit Court, et al.**

10 So. (2nd) 143                                       En Banc
October 23, 1942              Rehearing Denied November 5, 1942

William Green, John F. Davis, Louis Loss and Woolvin Patten, for petitioner.

Howard, Camp & Tiller, John W. Muskoff and Cockrell & Cockrell, for respondents.

TERRELL, J.:

This case grows out of these facts. The Securities and Exchange Commission issued an order for a public hearing to be held August 20, 1942, to determine whether or not the registration of Guaranty Underwriters, Inc., should be revoked as provided by Clause d of Section 15(b) of the Securities Exchange Act of 1934. On August 19, Guaranty Underwriters, Inc., consented to the revocation of its registration and requested that the hearing be dismissed. Securities and Exchange Commision reserved judgment on the request to dismiss until the hearing was concluded.

Motion to dismiss the hearing having been overruled petition to enjoin its continuation was then filed in the United States District Court for the Southern District of Florida but was on consideration dismissed for want of jurisdiction to entertain it. Appeal from the latter order was prosecuted to the United States Circuit Court of Appeals for the Fifth Circuit. A stay of proceedings pending the appeal was refused and the appeal was later dismissed.

On September 14, the Honorable A. D. McNeill, one of the Judges of the Fourth Judicial Circuit of Duval County, entered an ex parte order restraining the

Securities and Exchange Commission and its examiner from proceeding further with the hearing. Motion to vacate said restraining order for lack of jurisdiction to make it was overruled. Attempt was then made by the Commission through the United States District Court for the Southern District of Florida to enjoin further proceedings in the Circuit Court of Duval County but failing in this, suggestion for writ of prohibition was filed in this Court and the rule nisi was issued.

The facts recited show that jurisdiction of the cause has been assumed by the Circuit Court and his return to the rule nisi concludes the point. The purpose of prohibition is to restrain the assumption of jurisdiction where none exists and a casual inspection of the Securities Exchange Act of 1934 will show that the Circuit Court of Duval County is totally devoid of jurisdiction of the cause.

We pretermit discussion of the questions raised except that whether or not the Circuit Court of Duval County had jurisdiction to restrain the Securities and Exchange Commission from conducting the hearing in question.

This question is concluded by the Securities Exchange Act of 1934 which provides "for the regulation of Securities Exchanges and of over-the-country markets operating in interstate and foreign commerce." Said Act creates the Securities and Exchange Commission and details in Section 15 (b) the grounds and conditions upon which it may give notice of and conduct a hearing to determine whether or not it will revoke the registration of any broker or dealer operating in interstate commerce.

The Securities and Exchange Commission is by the terms of the Act an agency of the Federal Government vested with certain administrative functions, one of which it was attempting to execute through its agent the examiner. There is no showing whatever that in conducting the hearing as to the registration of Guaranty Underwriters, Inc., the Securities and Exchange Commission acted arbitrarily or fraudulently nor was any such charge made before the circuit court. Courts are at all times open to the citizen to seek relief against the arbitrary action of governmental or other agencies but the rule is settled in this country that in the absence of fraud or gross abuse of discretion equity will not interfere with or restrain an administrative agency in the exercise of legislative power vested in it. Public Service Commission, et al., v. Eighth Judicial District Court in and for Clark County, et al., ....... Nev. ......., 123 Pac. (2nd) 237, and cases cited. This is a reasonable rule and the approval of any other would paralyze and defeat the very purpose of administrative agencies. The fact that Guaranty Underwriters, Inc., consented to cancellation of its registration and moved to dismiss the hearing is not material since Paragraph (b), 78(o), title 15 of the Securities Exchange Act provides for resignation of a broker on such terms as the Commission may fix.

There seems to be no exception to the above rule if provision for due process is preserved. The Supreme Court of the United States has held that due process is met if one adequate method of judicial review of the orders of administrative agencies is set up and that such method may be made exclusive by statute. Myers v. Bethlehem Shipbuilding Corp., 303

U. S. 41, 58 Sup. Ct. Rep. 459, 82 L. Ed. 638; Securities and Exchange Commission v. Andrews, 88 Fed. (2nd) 441.

Section 25(a) of the Securities Exchange Act provides for review of orders of the Securities and Exchange Commission, the pertinent part of this case being as follows:

"(a)  Any person aggrieved by an order issued by the Commission in a proceeding under this title to which such person is a party may obtain a review of such order in the Circuit Court of Appeals of the United States, within any circuit wherein such person resides or has his principal place of business, or in the Court of Appeals of the District of Columbia, by filing in such court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or set aside in whole or in part.  A copy of such petition shall be forthwith served upon any member of the Commission and thereupon the Commission shall certify and file in the court a transcript of the record upon which the order complained of was entered.  Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, and enforce or set aside such order, in whole or in part."

That part of the Act so quoted not only gives the circuit court of appeals "exclusive jurisdiction to affirm, modify, or enforce" orders of the Securities and Exchange Commission but it makes its finding as to facts conclusive.  It also provides that on the application of either party, the Court may order further evidence taken and authorize the Commission to revise its order.  Appeal to the Supreme Court of the

United States from the order of the circuit court of appeals is provided.

Certainly no one would question the power of the Federal Congress to enact a law regulating securities operating in interstate commerce and make the orders of the Securities and Exchange Commission reviewable exclusively by the circuit courts of appeal. We think the Act as quoted has that effect and being so, the circuit courts of this State have no jurisdiction whatever to review orders of the Securities and Exchange Commission made pursuant to the Securities Exchange Act. It would be as reasonable to contend that the Federal Courts would have power to review orders of the Railroad Commission or the Florida Industrial Commission. The holding of Judge Waller of the United States District Court for the Southern District of Florida and Judge Sibley of the Fifth Circuit Court of Appeals on applications for restraining orders heretofore referred to supports this view. Such proceedings being statutory must be conducted as the statute directs.

In this, we have not overlooked Bank of America National Trust and Savings Association v. Douglas, et al., 105 Fed. (2nd) 100, relied on by Guaranty Underwriters, Inc. In that case, the action of the Securities and Exchange Commission was in part enjoined because of arbitrary and unreasonable requirement on the part of the bank by the Commission. It in every respect supports the rule announced in this case.

The purpose of the Securities Exchange Act was to protect the investing public and it should be construed to effectuate that purpose. If the Securities and Exchange Commission is to be prohibited from

investigating a broker or dealer in securities merely because he objects to the investigation, the function of the Commission and in fact all other administrative agencies will be at an end.

We therefore think that the rule nisi should be made permanent and the restraining order entered by the circuit court should be quashed.

It is so ordered.

WHITFIELD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., and BUFORD, J., dissent.

BUFORD, J., dissenting:

I agree that the legal enunciations contained in the opinion prepared by Mr. Justice TERRELL are correct, but I think they cannot be applied here.

The Amended Rule was addressed to, "Honorable A. D. McNeill, Judge of the Circuit Court of the Fourth Judicial Circuit of the State of Florida, in and for Duval County, and all other judges and officers of said Circuit Court, Guaranty Underwriters, Incorporated, plaintiff in the court below, and Edward C. Johnson, individually and as agent and employee of The Securities and Echange Commission and Ganson Purcell, Sumner T. Pike, Robert E. Healy, ———— Burke and ———— O'Brien as and constituting the Securities and Exchange Commission. Defendants in the court below, greeting."

The Rule issued is:

"Edward C. Johnson, individually and as agent and employee of the Securities and Exchange Commission having filed in this Court his petition for Writ of Prohibition on the 28th day of September, 1942, praying that a Writ of Prohibition may issue against you

the Honorable A. D. McNeill, Judge of the Circuit Court of the Fourth Judicial Circuit in the State of Florida in and for Duval County, as well as against the other Judges and Officers of said Court, prohibiting you and them from proceeding in that certain cause pending in said Circuit Court of Duval County, Florida, wherein Guaranty Underwriters, Incorporated, is plaintiff and Edward C. Johnson, Individually and as Agent and Employee of the Securities and Exchange Commission and Ganson Purcell, Sumner T. Pike, Robert E. Healy, ————— Burke, and ————— O'Brien as and constituting the Securities and Exchange Commission are defendants, and ordering you the Honorable A. D. McNeill and all other Judges and Officers of said Circuit Court to rescind and dissolve your purported order enjoining the said petitioner Edward C. Johnson, individually and as agent aforesaid from proceeding with the hearing for the revocation of the registration as a broker and dealer in Securities of Guaranty Underwriters, Inc.

"Now, Therefore, you the Honorable A. D. McNeill, as Circuit Judge, as aforesaid and all other Judges and Officers of said Circuit Court, Guaranty Underwriters, Incorporated, Plaintiff in the Court below and Edward C. Johnson, Individually and as Agent and Employee of the Securities and Exchange Commission and Ganson Purcell, Sumner T. Pike, Robert E. Healy, ————— Burke, and ————— O'Brien as and constituting the Securities and Exchange Commission, defendants in the Court below are hereby commanded to show cause, if any there be, on the 5th day of October, 1942, at 10 o'clock A. M. before this Court why the said petition should not be granted as prayed."

The answer and return of Honorable A. D. McNeill, inter alia, avers:

"Said bill of complaint was presented to the Court between 9 and 9:30 on Monday, September 14, and, as the bill alleges, the hearing before the defendant sought to be enjoined was to be held at 10 o'clock A. M. on the same date, and it appearing to the Court that if the Court had jurisdiction, a temporary stay was necessary, otherwise the hearing would have been held and the matter never would have been determined, so a temporary stay was issued in order for the Court to determine whether or not it had jurisdiction to consider the matter.

"Thereafter, on the 16th day of September, counsel for Edward C. Johnson and the Securities and Exchange Commission appeared before the Court and asked for time to argue the cause. The time was set for the 17th day of September, 1942. At that time Edward C. Johnson appeared together with counsel for the Securities & Exchange Commission and had with them a motion which they tendered for filing, but before the same was marked 'Filed' they requested permission to withdraw the same. They then requested the Court hear argument on the matter just the same as if a motion or pleading had been filed contesting the jurisdiction of the Court over the defendants. The Court obliged counsel, after argument was had it was announced that in order for the Court to consider the matter, it would be necessary for the defendants to file written pleadings. Then the defendants agreed to do so immediately, and the Court further requested that a memorandum of authorities be presented by both sides by Monday, the 21st day of September at 12 o'clock Noon. Later counsel for

the Securities & Exchange Commission appeared together with counsel for plaintiff and asked for additional time within which to file pleadings. This request was granted. No motion or other pleading was filed by the defendants until Thursday, the 24th day of September, when a motion attacking the jurisdiction of the Court over the defendants together with a memorandum of authorities.

"The next day before the Court had had an opportunity to consider the brief, the Court learned that a suggestion for writ of prohibition had been formulated by the defendants or part of them, and that they were going to appear before the Supreme Court and request a Rule Nisi.

"Whereupon, out of deference to the Supreme Court, this Court took no further action. Further answering, this Court believes that it has general jurisdiction to grant injunctions and has jurisdiction in this instance to pass on the defendants motion and determine whether it has jurisdiction over the case presented to it."

The answer shows that at the time petition for writ of prohibition was filed in this Court the respondent had under consideration the question of the jurisdiction of the Circuit Court to grant the relief sought by the bill for injunction and had not had reasonable time in which to determine the merits of the question presented.

We must assume that when the circuit judge determines the question of jurisdiction now pending before him he will reach a proper legal conclusion. There is no sufficient showing made that the circuit court will proceed to act without jurisdiction or in excess of jurisdiction. See Smith v. Peacock, 146 Fla. 181, 200

So. 522; Crill v. State Road Department, 96 Fla. 110, 117 So. 785; State ex rel. v. Malone, Judge, 40 Fla. 129, 23 So. 575.

Therefore, I think the application for the writ of prohibition is premature and the Rule Nisi should be discharged without prejudice.

BROWN, C. J., concurs.