372 So.2d 1111 (1979)
SCHOOL BOARD OF PINELLAS COUNTY, Florida, Petitioner,
v.
Walter B. NOBLE et al., Respondents.
No. 52574.
Supreme Court of Florida.
June 28, 1979.
*1112 B. Edwin Johnson, Gen. Counsel, Clearwater, for petitioner.
Richard H. Frank, John J. Chamblee, Jr. and Mark F. Kelly of Law Offices of Richard H. Frank, Tampa, and Gene T. Sellers, Counsel, State Board of Education, Tallahassee, for respondents.
BOYD, Justice.
In this case we are presented with the question of whether a district school board may seek judicial review of a decision of the state Board of Education setting aside a dismissal of a teacher on continuing contract. The district court of appeal answered that question in the negative by dismissing the district school board's appeal. School Board of Pinellas County v. Noble, 349 So.2d 235 (Fla. 1st DCA 1977). Since that decision affects constitutional school district officers,[1] we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On September 30, 1974, the school district superintendent filed with the Professional Practices Council of the Department of Education a "petition for hearing and notice of charges" naming district employee Walter Noble as respondent. This referral of charges to the department invoked its authority "to recommend action to a school board in cases of violation of the standards of professional practice for all teachers... ." § 231.57(6)(c), Fla. Stat. (1973).
The petition alleged that Noble, a member of the district's supervisory staff, violated section 232.023, Florida Statutes (1973),[2] section 231.36, Florida Statutes (Supp. 1974),[3] and the code of ethics of the Professional Practices Council.[4] The Professional Practices Council, through a hearing committee of three of its members, held a hearing on April 10, 1975. The committee then issued written findings of fact. The committee found that a teacher under Noble's supervision incurred expenses in working on a school project at Noble's request. Subsequently, Noble suggested that the teacher effect reimbursement by falsely claiming three hours of time worked. The committee found further that Noble falsely reported his compliance with a school district policy of requiring supervisors to return to the classroom as instructors for four days during the school year.
Based on the falsification of payroll records, the committee found that Noble violated section 232.023.[5] Based on the false statement of compliance with the in-service training policy, the committee found that he violated rule 6B-1.03(2)(b), Florida Administrative Code, a subsection of the teachers' code of ethics.[6] It found further *1113 that "the respondent did not violate any other statute or rule." The Professional Practices Council, acting through its hearing committee, recommended as discipline a letter of reprimand.
The record of proceedings before the council, the council's findings and recommendation, and Noble's exceptions thereto were transmitted to the district school board for action on the district superintendent's recommendation that Noble be dismissed and his continuing contract cancelled. The district board held a hearing during which it reviewed the record of proceedings before the council. Thereafter it issued an order adopting the findings of fact and conclusions of the council and ordering Noble dismissed effective October 21, 1975.
Noble appealed his dismissal to the state Board of Education.[7] A hearing officer held a hearing at which oral argument was heard but no evidence was taken. The hearing officer recommended that the district board's dismissal order be affirmed since the findings of fact of the council, adopted by the board as its own, were (the officer concluded) supported by competent, substantial evidence. The board could order dismissal even though the council only ordered a reprimand, the officer concluded, because it provided a complete review of the record and reasonably found grounds for dismissal therein.
Noble filed exceptions to the officer's findings that the action of the district board and the findings of the council were supported by the evidence. He also excepted to the officer's conclusion that the district board could impose a greater penalty than recommended by the council without making further findings of fact. Before the Board of Education Noble argued that there was no evidence to support the attendance records offense and that the ethical violation alone is not grounds for dismissal under section 231.36(6). At a recorded meeting on November 4, 1976, the Board of Education heard oral presentations and set aside the dismissal, ordering that the reprimand recommended by the council be reinstated as the final result. It is apparent from the record of that hearing that the board simply did not think the facts in the record warranted dismissal.
The school district then sought judicial review. The petition was dismissed on the authority of School Board of Collier County v. Steele, 348 So.2d 1166 (Fla. 1st DCA 1977) cert. dismissed Florida School Boards Ass'n. v. Steele, 360 So.2d 1248 (Fla. 1978). In Steele, a district board sought review of an order of the Board of Education reinstating a teacher on continuing contract who had been dismissed. The district court declined to review the state board action on the ground that the Administrative Procedure Act precluded a school district seeking review of such an order.
The court reasoned that "final agency action" under section 120.68(1), Florida Statutes (Supp. 1976), takes place at the district board level. The nature of the state board review is limited and does not, according to Steele, have the effect of vesting the final agency action in the state board. Any modifications ordered by the state board under its limited authority to review dismissals of teachers on continuing contract become part of the final action of the district board. The district board cannot seek judicial review, the court concluded, because the state board action is its own action. We do not agree with this conclusion.
Section 120.68(1), Florida Statutes (Supp. 1976), provides in part: "A party who is adversely affected by final agency action is entitled to judicial review." The district school board was a "party" to the proceeding providing administrative review of its dismissal order. See § 120.52(11), Fla. Stat. (Supp. 1976). The district board was also adversely affected, since it ordered Noble dismissed and the state board set aside that dismissal. The district board's entitlement to judicial review depends, therefore, on whether the state board's order rendered on the administrative appeal constituted "final agency action."
*1114 In Steele the court appeared to be concerned that if the state board action were deemed final agency action, then that body would be subject to the procedural requirements of section 120.57, Florida Statutes (Supp. 1976). The result, the court said, would be unnecessary duplicative fact finding on the part of the state board.
The Administrative Procedure Act affords a formal administrative hearing for teachers such as Noble whom a superintendent would seek to dismiss. § 120.57, Fla. Stat. (1975). Section 231.36(6), Florida Statutes (Supp. 1976), allows teachers on continuing contract to appeal an adverse district board decision to the state board. Department of Education Rule 6A-1.691, Florida Administrative Code, provides for the appointment of a hearing officer to review the record of the district board hearing. Although the state board's action is administrative, it acts in a quasi-judicial, reviewing capacity. Its hearing officer does not take new evidence. The standard of review is whether the district board's conclusions are supported by competent, substantial evidence. Rule 6A-1.691, Fla. Admin. Code; Florida A & M University v. Lewis, 327 So.2d 862 (Fla. 1st DCA 1976); Department of Pollution Control v. Career Service Commission, 320 So.2d 846 (Fla. 1st DCA 1975); O'Neil v. Pallott, 257 So.2d 59 (Fla. 1st DCA 1972). To hold that, for purposes of its review of district board suspension and dismissal orders, the state board's action is final agency action does not require that the state board conform to the Administrative Procedure Act.
We note that the legislature recently amended section 120.68(1). That subsection now provides, in pertinent part:
(1) A party who is adversely affected by final agency action is entitled to judicial review. For purposes of this section, a district school board, whose decision is reviewed under the provisions of s. 231.36 and whose final action is modified by a superior administrative decision, shall be a party entitled to judicial review of the final action.
§ 120.68(1), Fla. Stat. (Supp. 1978); Ch. 78-425, § 11, Laws of Fla. This amendment appears to have been a reaction to the Steele decision and is a reflection of what was already the intended accommodation between the school code and the Administrative Procedure Act. We hold that the district school board, whose dismissal of a teacher on continuing contract was set aside by the Board of Education, is entitled to judicial review.
The district court's decision is quashed and the case is remanded with directions that the court grant the requested review.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] Art. IX, §§ 4, 5, Fla. Const.
[2] Falsification of attendance records; penalty.  The presentation of reasonable and satisfactory proof that any teacher, principal, any other school personnel or school officer, has falsified or caused to be falsified attendance records for which he is responsible shall be sufficient grounds for the revocation of his teaching certificate by the department of education, or for dismissal or removal from office; provided that such individual shall be entitled to hearing as provided by law or state board of education regulations.
[3] Section 231.36(4) states the procedure for the dismissal or return to annual contract status of a district employee on continuing contract. Section 231.36(6) provides the procedure and the grounds for dismissal or suspension of any member of the district administrative, supervisory, or instructional staff. Although the respondent had achieved continuing contract status as a teacher, his employment as a supervisor was pursuant to annual contract. The charge of a violation of section 231.36 must be taken as an allegation that grounds for suspension or dismissal existed under section 231.36(6) which provides "that the charges must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude."
[4] Ch. 6B-1, Fla. Admin. Code.
[5] Although the stated findings only concluded, and the evidence only supports, Noble's complicity in the falsification of a report of hours worked by a district employee, the council committee found violation of this section which pertains to records of attendance of public school pupils. See § 232.022, Fla. Stat. (1973).
[6] Rule 6B-1.03(2)(b) provides: "In fulfilling his obligation to the public, the educator ... [s]hall not knowingly distort or misrepresent the facts concerning educational matters in direct and indirect public expressions."
[7] See § 231.36(6), Fla. Stat. (Supp. 1974).