382 So.2d 422 (1980)
Raymond A. BROOKS, Appellant,
v.
The SCHOOL BOARD OF BREVARD COUNTY, Florida, Appellee.
No. 80-46.
District Court of Appeal of Florida, Fifth District.
April 9, 1980.
C. Anthony Cleveland, Tallahassee, for appellant.
Bill Walker, Titusville, for appellee.
ORFINGER, Judge.
Appellant appeals his discharge from employment by Appellee. The appeal is filed pursuant to Section 120.68, Florida Statutes (1978). At the same time he filed an appeal with the Department of Education under the provisions of Section 231.36(6), Florida Statutes (1978), and the Department has agreed to review the decision of the appellee. This latter information comes to us in a motion filed by appellant requesting us to stay the appeal in this court and to relinquish jurisdiction to the Department of Education.
The appellee responds by a motion to dismiss the appeal alleging, among other things, that in separate and distinct proceedings the appellant's teaching certificate was revoked by the Department of Education and that such revocation is the subject of a current appeal before the District Court of Appeal, First District, and that the appellant is not entitled to another appeal before the Department of Education or before this court. Notwithstanding this response, it appears that the instant appeal is from action of the appellee in discharging the appellant, and does not directly arise out of the action of the Department in revoking appellant's teaching certificate, although there certainly may be some connection between these events.
Nevertheless, in view of the administrative appeal which appellant has requested and which the Department of Education has agreed to hear, it does not appear that we have jurisdiction to retain the appeal in this court. Where administrative review procedures are available, a party must exhaust these remedies before judicial review is appropriate. General Electric *423 Credit Corporation of Georgia v. Metropolitan Dade County, 346 So.2d 1049 (Fla. 3d DCA 1977). Until such time as administrative remedies have been exhausted, appellant may not seek relief in the courts from the asserted action of the school board. School Board of Flagler County v. Hauser, 293 So.2d 681 (Fla. 1974).
It appears that this appeal is premature because administrative action is not complete. The aggrieved employee may not appeal to this court until the administrative appeal to the Department is concluded. School Board of Pinellas County v. Noble, 372 So.2d 1111 (Fla. 1979); Phillips v. Santa Fe Community College, 342 So.2d 108 (Fla. 1st DCA 1977).
The motion to stay the proceedings is denied and the motion to dismiss the appeal is granted.
APPEAL DISMISSED.
CROSS and COBB, JJ., concur.