409 So.2d 208 (1982)
Gary R. GRIFFIN, Appellant,
v.
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, Appellee.
No. 81-1015.
District Court of Appeal of Florida, Fifth District.
February 3, 1982.
*209 Ross A. McVoy of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant.
Vance W. Kidder, Staff Atty., Tallahassee of St. Johns River Water Management Dist., for appellee.

ON MOTION TO DISMISS
SHARP, Judge.
Pursuant to Chapter 120 of the Administrative Procedure Act, Griffin appeals the denial of his application for a permit by the St. Johns River Water Management District. In his notice of appeal, Griffin stated that he was also requesting review of the permit denial by the Governor and the Cabinet sitting as the Land and Water Adjudicatory Commission, pursuant to section 373.114, Florida Statutes (1979); and further, that he would seek review of the agency action in the circuit court, pursuant to section 373.617, Florida Statutes (1979).[1]
Approximately one month after filing his notice of appeal, Griffin filed a motion to abate this appeal pending the completion and resolution of the circuit court proceedings. The St. Johns River Water Management District objected to the abatement and filed a motion to dismiss the appeal for failure to "exhaust an administrative remedy" by completing the administrative appeal at the cabinet level. For the reasons stated herein, we dismiss this appeal.
In Griffin's behalf we note with concern the complexity of the provisions in Chapter 373 dealing with appeals. Section 373.617, Florida Statutes (1979) provides:
(2) Any person substantially affected by a final action of any agency with respect to a permit may seek review within 90 days of the rendering of such decision and request monetary damages and other relief in the circuit court in the judicial circuit in which the affected property is located; however, circuit court review shall be confined solely to determining whether final agency action is an unreasonable exercise of the state's police power constituting a taking without just compensation. Review of final agency action for the purpose of determining whether the action is in accordance with existing statutes or rules based on competent substantial evidence shall proceed in accordance with Chapter 120. (Emphasis supplied).
Further, section 373.114 provides:

The Governor and cabinet, sitting as the Land and Water Adjudicatory Commission, shall have the exclusive power by a vote of four of the members to review, and may rescind or modify, any rule or order of a water management district, except those rules which involve only the internal management of the water management district, to insure compliance with the provisions and purposes of this chapter.... Such request for review is not a precondition to the effectiveness of *210 such rule or order, or to the seeking of judicial review as provided in 373.133 and 120.68. (Emphasis supplied).
Some case law apparently indicates that pursuit of Chapter 120 review in the District Court of Appeal is a prerequisite to being able to raise the "inverse condemnation" or "taking" issue in the circuit court. Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 400 So.2d 66 (Fla. 1st DCA 1981); Albrecht v. State, 407 So.2d 210 (Fla.2d DCA 1981), modified on rehearing, (Fla.2d DCA December 11, 1981) [1981 F.L.W. 2600]; Coulter v. Davin, 373 So.2d 423 (Fla.2d DCA 1979). Some courts have also held that an issue, like "unjust taking" of property, must be raised in the Chapter 120 appeal before it can be raised in the circuit court. Coulter. However, none of these cases consider the later applicable statutes, section 253.763 or section 373.617.
In view of the statutes and the case law, we understand why appellant felt it was necessary to protect his rights by pursuing all three avenues of appeal simultaneously. However, our interpretation of the statutes makes this unnecessary. The Legislature has the power and discretion to provide the mechanism for judicial review of administrative agency action. So long as one adequate method is established, due process does not require that the courts provide another,[2] and the statutory method should be followed. Fla. Welding & Erection Service, Inc. v. American Mutual Ins. Co., 285 So.2d 386 (Fla. 1973).
Section 373.617(2) clearly sets up a bifurcated appeal procedure, both avenues of which must be pursued simultaneously because of the time deadlines. If the aggrieved party wants to appeal issues dealing with whether the agency followed the statutes or rules or acted on competent substantial evidence, it must perfect its appeal in accordance with section 120.68. If it claims the agency action constitutes an "unconstitutional taking" of property, it must file an action in the circuit court, pursuant to section 373.617(2). There the circuit court can fully litigate de novo this issue and prepare a complete record.[3] After the circuit court has rendered its final decision on the "taking" issue, either side can then seek appellate review in the District Court of Appeal under Rule 9.030(b)(1)(A).
We reject the concept that the "taking" issue should first be raised and determined in the District Courts of Appeal under this statute. If that was done, at worst it would bar consideration of this issue by the circuit court on principles of res judicata thereby defeating the bifurcated appeal provision of section 373.617(2), and at best it would result in an "administrative morass" of undue proportions.[4] Therefore, we conclude that the portion of this appeal dealing with the "taking issue" should be dismissed without prejudice to appeal from the circuit court after conclusion of its efforts under section 373.617(2).
The balance of the issues sought to be appealed pursuant to chapter 120 would now be appropriate for review by this Court, had appellant not sought discretionary review by the Land and Water Adjudicatory Commission, pursuant to section 373.114. Since the Commission may modify or rescind the action of the Water Management District, it cannot be considered (as yet) "final" agency action. See School Board v. Noble, 372 So.2d 1111 (Fla. 1979). Final disposition by the Commission must *211 occur before this court will have jurisdiction pursuant to Rules 9.110(a)(2) and 9.030(b)(1)(C) and section 120.68. Brooks v. School Board, 382 So.2d 422 (Fla. 5th DCA 1980).
Griffin's appeal to the Commission will toll the time for seeking judicial review in this court, pursuant to Chapter 120.[5] Therefore, we dismiss this appeal without prejudice to refile it within the time required by Chapter 120, upon final disposition of the discretionary appeal by the Commission. However, if that time has run prior to the issuance of this opinion, we will entertain a petition to reinstate the Chapter 120 appeal and treat it as prematurely filed but subsequently matured. See Williams v. State, 324 So.2d 74 (Fla. 1975).
APPEAL DISMISSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] The parties indicate that both courses of appeal have in fact been pursued.
[2] Johnson v. McNeill, 151 Fla. 606, 10 So.2d 143 (1942).
[3] The lack of a complete record on the taking issue in a Chapter 120 review of an agency action by the District Court of Appeal was a problem. Since administrative agencies are not supposed to decide constitutional issues, (Pickerill v. Schott, 55 So.2d 716 (Fla. 1951)) the agency may not have heard testimony on that issue, and the District Courts of Appeal are not set up to take testimony, even though Chapter 120 provides for a wealth of remand and review possibilities.
[4] Key Haven Associated Enterprises, Inc. v. Board of Trustees, 400 So.2d 66 (Fla. 1st DCA 1981) (Booth, J., dissenting); Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844, 845 (Fla. 1st DCA 1980) (Booth, J., dissenting).
[5] Phillips v. Santa Fe Community College, 342 So.2d 108 (Fla. 1st DCA), appeal dismissed, 345 So.2d 426 (1977); Peterson v. State Dep't. of Environmental Regulation, 350 So.2d 544 (Fla. 1st DCA 1977).