DAUKSCH, Judge.
This is an appeal from a final order entered by the Board of Trustees of Brevard Community College following an administrative hearing. The action of the Board is considered to be “final agency action” and thus we have jurisdiction under Section 120.68(1), Florida Statutes (1981). This is not a case such as Brooks v. School Board of Brevard County, 382 So.2d 422 (Fla. 5th DCA 1980) where a further administrative review was available to an employee of a district school system.
The Board found that the allegations and recommendations of the various supervisors of appellant warranted removing appellant from continuing contract status to annual contract status. This means appellant suffers a diminution in his employment security because he can find himself without a job with Brevard Community College at the end of any contract year for no reason if the college decides not to contract with him for another year’s work. Under continuing contract he can be terminated only for good cause. Fla.Admin.Code Rule 6A-14.411.
Rule 6A-14.411(4), Florida Administrative Code, provides that a continuing contract employee can be reduced to annual contract status within the discretion of the Board if good cause is demonstrated by the college administration. At the hearing held before the Board there was conflicting testimony regarding appellant’s qualifications, performance, abilities and behavior as an instructor. Some evidence was clearly favorable and some was clearly unfavorable. It is the function of the Board, just like a judge or jury in a court case, to weigh the evidence, consider the credibility of it, decide disputed issues and reach an opinion upon all evidence properly before it. It is not up to this court to substitute its judgment for that of the Board in deciding disputed issues of fact. § 120.68(10), Fla. Stat. (1981).
The final order of the Board is clear, concise and complete. It sets out those things required by Section 120.59, Florida *265 Statutes (1981), and is sufficiently informative for this court to understand it and use it for the basis of our review.
Our review of the proceedings and the order leads us to the conclusion that there is substantial basis in fact for the finding and determination of the Board and thus we must decline to interfere with its conclusions. Boyette v. State, Professional Practices Council, 346 So.2d 598 (Fla. 1st DCA 1977); § 120.68(10), Fla.Stat. (1981). There is no apparent useful purpose for us to set out in detail the testimony and other evidence considered by the Board, but we have determined the findings of fact of the Board are supported by the evidence. We are quite aware that there was contrary evidence and that appellant has some substantial support for his side. But, again, it is the agency, the Board, which reconciles disputed issues of fact, not the appellate court.
The Board complied with all legal requirements in this matter and its order is affirmed.
AFFIRMED.
ORFINGER, C.J., and COWART, J., concur.