CAMPBELL, Judge.
Appellants, Martin Bowen, Sr. and Martin Bowen, Jr., seek review of the circuit court’s dismissal of their inverse condemnation action brought under sections 253.-763 and 403.90, Florida Statutes (1981). The action was filed directly in the circuit court after appellee, Florida Department of Environmental Regulation (DER), denied appellants a permit necessary to develop their property. The trial court dismissed the action for failure to exhaust adminis *568 trative remedies available prior to final agency action, under chapter 120, on the basis of Key Haven Associated Enterprises v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla.1982).
Appellants applied for a dredge and fill permit pursuant to chapters 403 and 253, Florida Statutes. In April 1982, DER issued a notice of intent to deny the permit. Appellants did not petition for an administrative hearing under section 120.57, Florida Statutes (1981). In June 1982, DER issued its final order denying, on its merits, the application for the permit. Appellants’ next step was to file this suit for inverse condemnation in the circuit court, based on their inability to develop the land because of the permit denial.
In Key Haven, upon which the trial court relied in dismissing appellants’ complaint, the applicant received DER’s notice of intent to deny a dredge and fill permit and requested an administrative hearing under section 120.57. After that hearing and the resulting denial of the permit, an appeal to the Board of Trustees of the Internal Improvement Trust Fund (TIIF), under section 253.76, Florida Statutes, was not pursued. Suit for inverse condemnation was then filed in the circuit court. Ultimately, the Florida Supreme Court held that the injured party must complete the administrative process through the executive branch; i.e., an appeal to TIIF was required before suit could be brought in the circuit court for inverse condemnation. The trial judge in the case at bar, extended Key Haven to find that the failure to request an administrative hearing pursuant to 120.57, prior to the final agency action denying the permit, constituted a failure to exhaust administrative remedies and, therefore, appellants’ circuit court action was barred.
The application of Key Haven to the facts in this case presents two issues. First, does section 253.763(2), which was not effective at the time pertinent to the decision in Key Haven, remove the requirement of appeal to TIIF before a resort to circuit court action for inverse condemnation? Second, if appeal to TIIF is not necessary, is a section 120.57 administrative hearing prior to final agency action a prerequisite to bringing an inverse condemnation action in the circuit court?
Appellants argue that Key Haven does not apply since it arose before section 253.-763, which expressly authorizes the inverse condemnation action in the circuit court. Sections .253.763(2) and 403.90(2) provide:
Any person substantially affected by a final action of any agency with respect to a permit may seek review within 90 days of the rendering of such decision and request monetary damages and other relief in the circuit court in the judicial circuit in which the affected property is located; however, circuit court review shall be confined solely to determining whether final agency action is an unreasonable exercise of the state’s police power constituting a taking without just compensation. Review of final agency action for the purpose of determining whether the action is in accordance with existing statutes or rules and based on competent substantial evidence shall proceed in accordance with chapter 120.
We agree with appellants that this section now provides for proceeding directly to the circuit court on an inverse condemnation action following final agency action denying, on its merits, a permit application. Final agency action, in this case, is construed to mean the written decision of the DER under section 120.59(1), Florida Statutes (1981), and the Florida Administrative Code Rule 17.1.88. We find, therefore, that section 253.763(2) alters the case law as established by Key Haven, and later approved in Albrecht v. State, 444 So.2d 8 (Fla.1984). (Albrecht also arose prior to the enactment of section 253.763.) We see no indication now that the plain meaning of “final agency action,” as used in the statute, should be extended to include an appeal to TIIF. Inverse condemnation actions cannot be adjudicated by administrative boards or agencies. We conclude that section 253.763(2) merely short-circuits the *569 procedure of administrative appeal to TIIF required by Key Haven. We find this change in procedure is in accord with the general policy against requiring exhaustion of administrative remedies where administrative proceedings would be useless, and where the parties are willing to accept the final agency administrative action as procedurally and substantively correct. Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla. 1978); Key Haven at 159. The court in Key Haven held that “before Key Haven could use the permit denial as a basis for an inverse condemnation claim, it was required to pursue a section 253.76 appeal to the IIF trustees.” Key Haven at 156. Section 253.763 now only requires, before resort to the circuit court, “final action of any agency” and not an appeal from “final action of any agency.” Key Haven spoke in terms of exhaustion of administrative remedies. “Final agency action” and “exhaustion of administrative remedies” are not synonymous. In enacting section 253.-763, the legislature could easily have provided that final agency action was not completed until the exhaustion of the appeal provided in section 253.76. It chose not to do so and absent such a provision, an appeal merely postpones the effectiveness of final agency action, but does not alter the nature of that action.
In so holding, we agree with the decision of the Fifth District Court of Appeal in Griffin v. St. Johns River Water Management District, 409 So.2d 208 (Fla. 5th DCA 1982) (discussing section 373.617 (1979), which is identical to sections 253.-763(2) and 403.90(2), Florida Statutes (1981).) We note, however, that DER’s denial of the permit must be based on the merits of the application before direct access to the circuit court is available. Where procedural or substantive errors in the application or administrative hearing thereon result in a permit denial, administrative and judicial appeal through the applicable substantive statutes and chapter 120 is still the proper remedy. This requirement is reiterated by the last sentence of section 253.763(2) which provides:
Review of final agency action for the purpose of determining whether the action is in accordance with existing statutes or rules and based on competent substantial evidence shall proceed in accordance with chapter 120.
We now reach DER’s claim, and the trial court’s finding that, based on Key Haven, a formal administrative hearing under chapter 120.57, Florida Statutes, is a prerequisite to the inverse condemnation suit in the circuit court. Here, appellants did not request a hearing under section 120.57, Florida Statutes following DER’s notice of intent to deny the permit, but instead acquiesced in the proposed action of DER. We find that while Key Haven dealt with the issue of exhaustion of administrative remedies via appeal to TIIF, it did not address the issue of whether an injured party has failed to exhaust administrative remedies where final administrative agency action resulted without a request for an administrative hearing. As hereinbefore indicated, final agency action, however arrived at, now seems the legislative requirement to access to the circuit court.
Section 253.763(2) does not provide that the final agency action and, therefore, the resulting inverse condemnation suit, is conditioned on a prior administrative hearing. That section merely requires final agency action. Chapter 120 does not require a section 120.57 hearing before final agency action. That section provides that where there are no disputed issues of material fact, as is now the posture of this case, informal proceedings may be used. Section 120.57(3) allows for disposition of any proceeding by consent unless precluded by law. We find nothing to preclude affected parties from acquiescing in the final DER action, even though it results in a denial of an application on the merits. Chapter 120 does not contemplate the necessity of formal hearings in regard to every final action of an administrative body. Section 120.59(l)(c) specifically provides for final agency action in the form of an order issued as a result of presentations *570 submitted without hearings. Therefore, we reverse the order of dismissal by the circuit court and remand for further proceedings.
There is one additional issue which is not raised by this case, but which demands clarification.
The wording of section 253.763(2) raises a question as to whether the administrative appeal and the inverse condemnation action in the circuit court may be instituted simultaneously. In Griffin, the Fifth District Court of Appeal held that an administrative appeal prevents the agency decision from becoming a “final” agency action because the appeal keeps the administrative remedies alive. We agree. Thus, if an administrative appeal is instituted under 253.76, the “taking” issue may not be heard by the circuit court until the section 253.76 proceedings are completed. The ninety-day time limitation on bringing inverse condemnation actions in the circuit court, contained in 253.763(2), is automatically tolled until the agency completes the review process. Where no appeal to TIIF is taken, the inverse condemnation suit must be filed within ninety days of the DER decision.
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER, J., concur.