875 So.2d 737 (2004)
In re COMMITMENT OF Charles RODGERS.
Charles Rodgers, Appellant,
v.
State of Florida, Appellee.
No. 2D01-1106.
District Court of Appeal of Florida, Second District.
June 11, 2004.
*739 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
FULMER, Judge.
Charles Rodgers appeals an order adjudging him to be a sexually violent predator and committing him to a secure facility pursuant to the Jimmy Ryce Act, part V of chapter 394, Florida Statutes (2000). He raises numerous issues on appeal. We conclude that these issues do not require reversal; however, we certify a question of great public importance to the Florida Supreme Court.
Rodgers argues that to prove his future dangerousness the State presented unreliable expert testimony that failed the Frye[1] test. At the commitment hearing, the State presented the expert witness testimony of Dr. Jensen, a psychologist who employed three actuarial instruments in determining Rodgers' likelihood of recidivism: the Rapid Risk Assessment for Sex Offense Recidivism (RRASOR), the Violence Risk Appraisal Guide (VRAG), and the Minnesota Sex Offender Screening ToolRevised (MnSOST-R). Dr. Jensen also used a psychological test, the Psychopathy ChecklistRevised (PCL-R). This court has previously rejected a Frye challenge and allowed the use of these instruments and the psychological test in Lee v. State, 854 So.2d 709 (Fla. 2d DCA 2003), appeal docketed, SC03-1608 (Fla. Sept. 8, 2003). Lee compels us to conclude that the trial court did not err in allowing Dr. Jensen's testimony.
Rodgers argues that he was forced to testify against himself in violation of due process and equal protection principles. At trial Rodgers raised only an equal protection challenge to the issue of being forced to testify against himself. Furthermore, he failed to pose specific objections to particular questions. Therefore, Rodgers failed to establish a basis for assertion *740 of the privilege against self-incrimination. See In re Commitment of Smith, 827 So.2d 1026, 1029 (Fla. 2d DCA 2002).
To advance his equal protection claim on appeal, he argues that the Florida courts have recognized a prohibition against compelled testimony for defendants in other types of civil proceedings, such as the civil commitment for mental health treatment under the Baker Act, section 394.451, Florida Statutes (1991). "The constitutional right to equal protection mandates that similarly situated persons be treated alike." Level 3 Communications, LLC v. Jacobs, 841 So.2d 447, 454 (Fla.2003) (citing Duncan v. Moore, 754 So.2d 708, 712 (Fla.2000)). Rodgers has not demonstrated that he is similarly situated to defendants or respondents in other types of civil proceedings, and therefore, he is not entitled to claim like treatment under an equal protection analysis. See Level 3, 841 So.2d at 454.
Rodgers argues that the trial court erred in allowing the State to present evidence of his prior convictions, resulting from his nolo contendere pleas, pursuant to section 90.410, Florida Statutes (2000), which prohibits evidence of nolo contendere pleas to be used in any civil or criminal proceeding. The State responds that Rodgers has not preserved this issue for review, and, alternatively, that the Ryce Act allows such evidence of prior convictions. At trial, Rodgers' counsel argued that the State should be prohibited from introducing evidence of uncounseled pleas; however, it does not appear that counsel made the specific objection to the evidence that is advanced on appeal. Therefore, we agree with the State that the argument has not been preserved.
Rodgers also contends that evidence of his prior convictions that were nonsexual in nature and his prison disciplinary reports was inadmissible because the evidence was not similar to the qualifying crimes used to initiate the commitment proceedings, was not relevant to the issues, and even if the collateral bad acts were relevant, the prejudice to him outweighed the probative value of the evidence. We reject these arguments based on our opinion in Lee, 854 So.2d at 714.
Rodgers argues that the trial court erred in allowing the extensive use of hearsay by the State's expert, who relied on Rodgers' prior bad acts and criminal offenses to form his opinion. Rodgers asserts that the prejudicial effect of the expert's opinion outweighed its probative value. He also contends that the hearsay exception under the Act, section 394.9155(5), Florida Statutes (1999), is unconstitutional. We conclude that the trial court did not abuse its discretion in allowing the admission of hearsay evidence. Further, as we did in Lee, 854 So.2d at 713, we reject the constitutional challenge to the hearsay provision in the Act.
Rodgers argues that the trial court erred in allowing the prejudicial use of the term "sexually violent predator" to refer to Rodgers in both voir dire and the jury instructions. He also contends that the trial court erred in allowing the prosecutor to present specifics as to the nature and number of prior convictions and in rejecting Rodgers' offer to stipulate to the convicted-felon element of the Act. He further argues that the trial court erred in not granting a mistrial when the State made prejudicial comments in closing argument, first misstating the law and second using an improper message-to-the-community argument. We reject these arguments and conclude that the trial court did not err in allowing use of the term sexually violent predator, see Standard Jury InstructionsCriminal Cases, 777 So.2d 366, 367 (Fla.2000), that evidence of the prior convictions was relevant and admissible, *741 see Lee, 854 So.2d at 714, and that the prosecutor's remarks during closing argument did not constitute reversible error.
Rodgers argues that the Ryce Act, on its face and as applied, violates equal protection because the State failed to create administrative rules to implement the Act as required by section 394.930, Florida Statutes (2000), before Rodgers' trial took place in January 2001. The State responds that the Department of Children and Families promulgated administrative rules pursuant to section 394.930 and those rules became effective on October 7, 2001, citing Florida Administrative Code Chapter 65E-25. It asserts that Rodgers' argument concerning a failure to promulgate the required rules is barred here because Rodgers has not exhausted his administrative remedies prior to bringing the claim, as required by Key Haven Associated Enterprises, Inc. v. Board of Trustees, 427 So.2d 153 (Fla.1982), superseded on other grounds as noted in Bowen v. Florida Department of Environmental Regulation, 448 So.2d 566, 568-69 (Fla. 2d DCA 1984), approved, 472 So.2d 460 (Fla.1985). Moreover, the State argues that even if administrative remedies were exhausted, Rodgers could not raise the issue of the Department of Children and Families' failure to promulgate rules in the commitment action because the Department is not a party to the commitment action. We decline to adopt the arguments advanced by the State, but nevertheless affirm. Rodgers fails to identify how he, in particular, was denied equal protection by the absence of administrative rules and he also fails to demonstrate how the failure of the Department of Children and Families to promulgate rules, in and of itself, renders the Act violative of equal protection on its face.
Rodgers argues that the State violated the terms of a plea agreement when it initiated the civil commitment proceeding. He contends that he entered into a plea agreement with the State in 1994 for twelve years of imprisonment followed by thirty years of probation, which included a requirement for sex offender treatment. When the State initiated the civil commitment proceeding, Rodgers was about to be released from the prison portion of his sentence. We reject this argument based on the supreme court's decisions in Murray v. Regier, 872 So.2d 217 (Fla.2002), and State v. Harris, 29 Fla. L. Weekly S230, 2004 WL 1064790, ___ So.2d ___ (Fla. May 13, 2004).
Rodgers argues that the jury was not properly instructed on the issue of volitional control, as required by Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), and that the instruction given constitutes fundamental error. Therefore, as we did in Lee, 854 So.2d at 719, we certify the following question to the Florida Supreme Court as one of great public importance:
MAY AN INDIVIDUAL BE COMMITTED UNDER THE JIMMY RYCE ACT IN THE ABSENCE OF A JURY INSTRUCTION THAT THE STATE MUST PROVE THAT THE INDIVIDUAL HAS SERIOUS DIFFICULTY IN CONTROLLING HIS OR HER DANGEROUS BEHAVIOR?
Rodgers makes a number of additional arguments that we do not discuss here except to note that our rejection of them is based on the Florida Supreme Court's decision in Westerheide v. State, 831 So.2d 93 (Fla.2002).
Affirmed; question certified.
SALCINES and WALLACE, JJ., Concur.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).