IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

A.F., AS AN INDIVIDUAL, ETC.,

      Appellant,

v.

      Case No. 5D15-2999

SEMINOLE COUNTY SCHOOL BOARD,

      Appellee.

_____/

Opinion filed May 6, 2016

Administrative Appeal from
the Seminole County School
Board.

Herbert S. Zischkau III, Winter Park, for
Appellant.

Donna E. Blanton, of Radey Law Firm,
Tallahassee, and Serita D. Beamon,
Seminole County Public Schools, Sanford,
for Appellee.

EVANDER, J.

      A.F. appeals a decision of the Seminole County School Board ("the School

Board") that dismissed, with prejudice, her petition seeking a formal administrative

hearing regarding her complaint that the School Board incorrectly scored her two minor

children's matrices for services. The matrices were prepared for the purpose of

determining the amount of funds the children would be eligible to receive under the

John M. McKay Scholarship for Students with Disabilities Program ("McKay Scholarship program"). We conclude that the School Board properly determined that it lacked subject matter jurisdiction to hear A.F.'s petition because A.F. was required to pursue her administrative remedy through the Florida Department of Education ("DOE"), pursuant to the complaint process set forth in section 1002.39(6)(c), Florida Statutes (2015), and Florida Administrative Code Rule 6A-6.0970(8)-(9). However, the dismissal should have been without prejudice to A.F. to re-file her petition with the DOE.

On May 14, 2015, A.F. filed a petition for relief with the School Board, alleging that her two children qualified for exceptional student education services and that the School Board had incorrectly scored both of their matrices for services. As a result, according to A.F., the children would receive substantially less money than they were entitled to receive under the McKay Scholarship program. A.F. further argued that the School Board was required to refer her petition to an administrative law judge pursuant to the requirements set forth in Chapter 120, Florida Statutes. The School Board dismissed A.F.'s petition, determining that A.F. could only seek relief through the DOE.

The McKay Scholarship program is governed by section 1002.39, Florida Statutes, and Florida Administrative Code Rule 6A-6.0970. The program was established to provide students with disabilities the option to attend a public school other than the one to which they would ordinarily be assigned or to provide a scholarship to a private school of choice. § 1002.39(1), Fla. Stat. (2015). In order for a student to receive funds from the scholarship program, the child must have a current individual educational plan ("IEP") developed by the local school board in accordance with the State Board of Education's rules, or a plan that has been issued under section

2

504 of the Rehabilitation Act of 1973. *Id.* §§ 1002.39(1)(a)-(b),(2)(a)1. Once the parent of a qualified student requests that his or her child participate in the McKay Scholarship program, the school district must complete a matrix of services for the student that corresponds with the IEP and notify the DOE of the student's matrix level within thirty days. *Id.* § 1002.39(5)(b)2.b. After receiving the school district's notification of the student's matrix level, the DOE must then notify the private school of the corresponding scholarship amount awarded to that student. *Id.* § 1002.39(5)(b)2.c.

Although a school district has a participatory role, the McKay Scholarship program is administered primarily by the DOE. The DOE is the agency responsible for, inter alia, verifying the eligibility of private schools that participate in the program, requiring compliance statements by participating private schools, conducting random site visits to private schools participating in the scholarship program, and providing an annual report to the Governor and the Legislature with respect to implementing accountability measures in the scholarship program. *Id.* § 1002.39(6). Furthermore, the DOE is the agency authorized to determine the amount of scholarship funds to be provided for an eligible student and to transfer the necessary amounts from the state's general revenue fund for such purpose. *Id.* § 1002.39(10).

Section 1002.39(6)(c), Florida Statutes, requires the DOE to establish a process by which an individual may notify the DOE of any violation by a parent, private school, or school district of state laws related to program participation. Significantly, the statute specifically provides that the DOE's inquiry into any written complaint of a violation "is not subject to the requirements of chapter 120." *Id.* § 1002.39(6)(c).

Pursuant to the aforesaid statutory directive, rule 6A-6.0970 was adopted. Subsections (8) and (9) of that rule provide the process by which an individual may notify the DOE of any violation by a parent, private school, or school district. The rule authorizes the DOE to investigate a complaint and, in instances where a school district is found to have violated a statute or rule, to "take any actions allowable under law to compel school district compliance with program requirements and to ameliorate the effect of the violation on the parent, student, or private school as appropriate." Fla. Admin. Code R. 6A-6.0970(9)(c)3.c.

A.F. argues that utilizing the DOE complaint process would be ineffectual because rule 6A-6.0970(4)(a) provides that a matrix of services "may not be changed by the Department and may only be changed by the school district, pursuant to Section 1002.39(5)(b)2.[d.], F.S., to correct a technical, typographical, or calculation error." We disagree. Pursuant to its authority under subsection (9)(c)3.c. to compel school district compliance with program requirements, the DOE can direct a school district to amend a matrix of services so as to correct a technical, typographical, or calculation error. The DOE's authority to compel the correction of a matrix for services also helps ensure that each matrix is calculated in accordance with McKay Scholarship program requirements and in a uniform and consistent manner throughout the state.

A.F. additionally argues that the DOE complaint process is not the exclusive method by which a parent can seek relief from a school district's alleged matrix for services calculation error. She contends that she also has the right to seek relief through the administrative hearing process set forth in Chapter 120, Florida Statutes. In response, the School Board observes that the Legislature mandated that the DOE

create a process by which a parent could seek to remedy a school district's violation of state laws and rules relating to program participation and further mandated that such process not be subject to the requirements of Chapter 120. Thus, the School Board argues, it is evident that the Legislature intended the complaint process authorized by section 1002.39(6)(c), Florida Statutes, to be the exclusive administrative remedy available under the facts of this case. We agree with the School Board.

Pursuant to section 1002.39, Florida Statutes, the Legislature has given the DOE the primary responsibility for the administration of the McKay Scholarship program. Furthermore, as previously noted, the DOE has the authority to compel school district compliance with the program's requirements. Consistent with that broad delegation of authority, we believe that the Legislature intended that the process authorized in section 1002.39(6)(c) be the exclusive administrative process by which a parent may seek relief for a purported violation of state law by a school district relating to participation in the McKay Scholarship program. This interpretation would also allow for uniform application of the rules and policies promulgated by the DOE or the State Board of Education regarding the creation of IEPs, the preparation of matrices for services, and the other program requirements imposed on school districts under section 1002.39 or rule 6A-6.0970.

At least two administrative judges have similarly interpreted section 1002.39 and rule 6A-6.0970 to preclude a complaint against a school district for alleged matrix calculation errors from being resolved through the Chapter 120 administrative hearing process. *See I.G. v. Osceola Cty. Sch. Bd.,* Case No. 11-5455E (DOAH Nov. 11, 2011); *J.W. v. Broward Cty. Sch. Bd.,* Case No. 11-2738E (DOAH Aug. 18, 2011). We

agree with the following language found in the administrative hearing officer's order in

*I.G.*:

> As set forth in the McKay Scholarship statute and rule, the remedy available to a person claiming an alleged violation of the McKay Scholarship program requirements is to file a complaint with the Department of Education, which may conduct an investigation or inquiry into the complaint, if warranted. However, the McKay Scholarship statute makes clear that the Department's inquiries do not give rise to administrative hearing rights: "A department inquiry is not subject to chapter 120." § 1002.39(6)(c). The McKay Scholarship laws do not provide due process hearing rights to persons claiming that they received less scholarship funding than they believe they should have received because of matrix calculation errors by school districts."

*I.G.*, Case No. 11-5455E at 3.

Although we conclude that the school board lacked jurisdiction to entertain A.F.'s petition, its dismissal should have been without prejudice to A.F. to re-file her petition with the DOE. *Cf. Griffin v. St. Johns River Water Mgmt. Dist.*, 409 So. 2d 208, 210 (Fla. 1982) (holding that although administrative decision was not final agency action and district court did not have jurisdiction to entertain appeal, district court's decision was without prejudice to appellant refiling appeal pursuant to Chapter 120, Florida Statutes).

If A.F. is unsuccessful in obtaining relief through the administrative process mandated by section 1002.39(6)(c), Florida Statutes, she may then seek relief in the circuit court. *See, e.g.*, *Montero v. Duval Cty. Sch. Bd.*, 153 So. 3d 407, 411 (Fla. 1st DCA 2014) (holding trial court properly dismissed without prejudice count alleging that school board had improperly calculated child's matrix of services; parents had failed to exhaust administrative remedies). On the other hand, if the DOE agrees with A.F.'s

argument regarding the calculation of her children's matrices for services, the adversarial process would likely be avoided in its entirety.

AFFIRMED, without prejudice to A.F. to refile her petition with the Florida Department of Education.

PALMER and TORPY, JJ., concur.