## IN THE MATTER OF THE ADOPTION OF MARY ESTER JOHNSON

24 So. (2nd) 711                                                January Term, 1946
February 1, 1946                                                          Division B

*David J. Lewis* for State Welfare Board.

BARNS, Circuit Judge:

The petition for adoption alleged that said child was the niece of petitioner, Ernest M. Johnson, and that its mother had died December 7, 1944; that on December 24, 1944, the father, Joseph M. Johnson, a brother of petitioner, gave the custody of the child to the petitioners; and that the father died on February 15, 1945. The petition did not allege the date of birth or age of the child, but the answer of the State Welfare Board, as the official and proper guardian of the welfare of the said minor, alleged it to be six years and nine months of age.

On June 21, 1945, the clerk of the Circuit Court of Columbia County, Florida, mailed a copy of the petition for adoption to the State Welfare Board. On June 26, 1945, the State Welfare Board acknowledged receipt of the copy of the petition for adoption. On August 21, 1945, the State Welfare

Board filed its written recommendations on said adoption, which recommendations were favorable. On August 28, 1945, petitioners' attorney gave to the State Welfare Commissioner, Leland W. Hiatt, written notice of hearing of said petition for adoption to be had at 2:00 P. M. on Tuesday, September 4, 1945, in Lake City, Florida, or as soon thereafter and at such place in said circuit as said judge might then be found.

On September 4, 1945, the chancellor entered an interlocutory order awarding temporary custory of said minor to the petitioners; however this order was not filed with the clerk until September 20, together with the final decree of adoption. The final decree was dated September 19, 1945.

On September 19, 1945, without any further notice and without the State Welfare Board having received a copy of the interlocutory order and without any notice to the State Welfare Board and in the absence of supplementary recommendations on the desirability of the adoption, the Honorable R. H. Rowe, Circuit Judge, entered a final decree of adoption in this matter.

On November 3, 1945, the State Welfare Board, as the official and proper guardian of said minor, filed its notice of appeal to the Supreme Court from the final decree of adoption made and entered herein on the 19th day of September, 1945.

Appellants assignment of errors are: first, that the chancellor erred because the Welfare Board had not filed its supplementary recommendation relating to the adoption and because it had not been given time to do so; second, that the final decree was rendered without notice to the Welfare Board.

The first report of the Welfare Board favored adoption, and the final decree was in accord with the petition and recommendation of the board. The appeal complains that the chancellor did not adhere to the formalities prescribed by statute. True, the proceedings were irregular in that respect. But where is the harm or injury? Where is the harmful error? No one appears to have been injured by reason of these irregularities. Prescribed formalities of procedure are to provide a means to an end. When they relate to the means by which jurisdiction is to be acquired they are substantive and must be pursued with great strictness, but when they re-

late to the exercise of jurisdiction which is otherwise complete, a breach thereof not shown to be harmful is taken to be harmless error.

If the board wished to present any report at final hearing at variance with the first report, its duty was to go before the chancellor and ask for what it wanted. We assume the only offense was as stated. We find such to be harmless error.

In the Stonehouse case, (Fla.) 19 So. (2nd) 788, it was stated that the entry of an interlocutory decree was a prerequisite to the jurisdiction to enter a final decree. What was meant by that language was that the interlocutory decree was prerequisite to the proper *exercise* of jurisdiction in entering a final decree. In both instances jurisdiction in the technical sense had already attached as to the subject matter and the parties.

The decree appealed is affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.