PER CURIAM.
The appellees, William Jozwick and Joan Jozwick, were plaintiffs below. An automobile in which Mrs. Jozwick was a passenger collided with another vehicle, and, on the basis of the resultant injuries suffered by Mrs. Jozwick, both she and her husband filed suit. This action named as defendants Mark Snyder, the driver of the second vehicle involved in the accident, and *217 Susan Balent, the owner of the automobile driven by Snyder. However, before the case came to trial the Jozwicks filed a motion to voluntarily dismiss the cause of action as against Susan Balent. This motion was granted and the case was dismissed as against the defendant, Balent, pursuant to Rule 1.35(a) (2), Florida Rules of Civil Procedure (30 F.S.A.), then in effect. The order of dismissal recited that the cause was dismissed.
“ * * * with prejudice * * * as to the issues between any of the parties hereto pertaining to the defendant, Susan Balent, but without a determination of any factual situations involved in the case. * * * ”
When the case proceeded to trial, the plaintiffs ultimately obtained a judgment against Mark Snyder in the amount of $23,417.40.
Susan Balent was the owner of a policy of insurance issued to her by United Services Automobile Association, which policy extended liability protection to the owner’s vehicle while the same was being driven by the insured (the owner), by any member of her immediate household, or by any other person using the vehicle with the consent of the owner. Mark Snyder was protected by a policy of insurance issued to Snyder’s father by Liberty Mutual Insurance Company. This policy provided liability coverage with respect to any non-owned vehicle operated by the insured, or a relative, if the actual use of the non-owned vehicle was with the permission of the owner. Snyder’s policy also contained the following condition:
“ * * * provided, however, the insurance with respect to a temporary substitute or non-owned automobile shall be excess insurance over any other valid and collectible insurance * * * ”
Both insurance companies declined to conduct a defense in Snyder’s behalf.
Subsequently, the plaintiffs in the original action, Mr. and Mrs. Jozwick, brought an action in the nature of garnishment against both United Services and Liberty Mutual, based upon the prior judgment against Snyder. United Services was granted summary judgment on the ground that the voluntary dismissal as against its insured, Balent, relieved United Services of any liability upon the doctrines of res ju-dicata and estoppel by judgment. The lower court pointed out in its order granting the summary judgment that all issues as between Jozwick and Balent, including the issue of permissive use, had been settled against the plaintiffs by the voluntary dismissal with prejudice in the prior action. The court below further reasoned that this effect of the dismissal inured to the benefit of United Services by virtue of its privity with Balent, and that United Services was, therefore, relieved of any liability by the terms of the insurance policy which provided coverage for drivers other than the insured only in the event that the use of the automobile was with the consent of the owner. The summary judgment in favor of United Services was never appealed.
Liberty Mutual’s motion for summary judgment was denied, however, on the ground that there existed a material issue of fact, which was whether Snyder had been driving the vehicle with the consent of the owner. Upon trial, the jury returned a verdict for the plaintiffs, resolving the issue of permissive use against the defendant, the effect of which was to preclude Liberty Mutual from avoiding liability, as United Services had done, by relying on the terms of the insurance policy. In its final order, the trial court held as a matter of law that the theory which had relieved United Services from liability, that is the doctrine of res judicata, was not available to Liberty Mutual because there existed no privity between Liberty Mutual and Balent. Its motion for new trial having been denied, Liberty Mutual then brought this appeal.
Appellant contends that the court below erred in entering inconsistent findings as to the issue of permissive use by holding that *218 Liberty Mutual was not entitled to invoke the doctrines of res judicata or estoppel by judgment. We can not agree.
It must first be noted that the summary judgment in favor of United Services is not a proper subject for appellate review in these proceedings. We do not here pass upon its correctness or validity, and it can have no bearing upon the substantive issues now before this court.
As to appellant’s contention regarding the doctrine of res judicata, the conditions requisite to the application of that doctrine are well settled. These conditions are set out clearly in the case of Matthews v. Matthews, Fla.App.1961, 133 So.2d 91:
“To bring the doctrine of res judicata into valid play, there must be: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the person for or against whom the claim is made. If these conditions do not occur, the doctrine of res judicata is not applicable.” (Footnotes omitted.)
The trial judge held that there existed no such privity between Balent and Liberty Mutual as would make the voluntary dismissal of Balent available to Liberty Mutual as a defense of res judicata. In other words, condition number three of the Matthews case, supra, is absent. The doctrine of res judicata is, therefore, not applicable.
The doctrine of estoppel by judgment is likewise inapplicable. Estoppel by judgment prevents parties from litigating in a second suit common issues which were actually adjudicated in a prior action. Smith v. Florida East Coast Railway Company, Fla.App.1963, 151 So.2d 70. The issue of permissive use was never litigated in the initial suit by the Jozwicks against Snyder. That issue was decided for the first time by the jury in the subsequent garnishment proceeding. There was, then, no prior adjudication of the issue upon which Liberty Mutual could base a defense of estoppel by judgment.
Having examined appellant’s other contentions, we find them to be without merit. Accordingly, we affirm.
Affirmed.