PER CURIAM.
Certain of the facts essential to this appeal are set forth in Liberty Mutual Insurance Co. v. Jozwick, Fla.App.1967, 204 So.2d 216; cert. dismissed, Fla.1968, 212 So.2d 640 [filed June 26, 1968].
Subsequent to the facts related therein and on September 27, 1967, Mark Snyder filed his “Complaint for Damages and Declaratory Decree” against Liberty Mutual and United Services Automobile Association in the Circuit Court of Dade County, Florida.
In Count One he sought indemnification from United for the judgment for $23,-417.40, recovered against him in the Jozwick suit, supra. In Count Two, he sought a declaratory decree requiring United to defend him in a law suit filed against him by Grace Peterson, the driver of the Jozwick car, and her husband. Counts Three and Four were directed against Liberty Mutual and, generally, also sought indemnification from it for the Jozwick judgment and an order requiring Liberty to defend him in the law suit filed by the Petersons.
Liberty Mutual filed an answer and cross-claimed against United for indemnification.
The trial court entered a “final order of dismissal” with prejudice as to both Snyder’s complaint and Liberty Mutual’s cross-claim.
We have reviewed the record carefully and, although procedural error was committed, we find the error to have been harmless under the circumstances and record peculiar to this case. See Fla.Stat. § 59.041, F.S.A. In re Johnson, 157 Fla. 25, 24 So.2d 711 (1946).
We have previously affirmed a jury verdict, in a garnishment action, in which Snyder recovered a judgment against Liberty Mutual and in which the jury resolved the issue of permissive use of the motor vehicle by Snyder; and have refused to pass on the validity of another order passing on the same issue, because it had not been appealed. See Liberty Mutual Insurance Co. v. Jozwick, supra. Without burdening this opinion by further recitation of the history of this case, we affirm the “final order of dismissal” entered herein.
It is so Ordered.