444 So.2d 8 (1984)
ALBRECHT, George, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 61600.
Supreme Court of Florida.
January 12, 1984.
*9 Lee S. Damsker, of Maney & Damsker, Tampa, for petitioners.
Mary F. Smallwood, Gen. Counsel, Alfred W. Clark, Deputy Gen. Counsel, and Henry Dean, Tallahassee, for respondents.
ADKINS, Justice.
We have before us for discretionary review Albrecht v. State, 407 So.2d 210 (Fla. 2d DCA 1981), which is in direct conflict with Dade County v. Yumbo, 348 So.2d 392 (Fla. 3d DCA), cert. denied, 354 So.2d 988 (Fla. 1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The petitioners, Albrecht and Schindler, as predecessors in title purchased some 300 *10 feet of submerged land from the Trustees of the Internal Improvement Trust Fund of the State of Florida. The land had become submerged due to erosion and the title had revested in the State of Florida. The petitioners desired to fill and bulkhead 2.3 acres of submerged land which included the above-mentioned 300 feet. They applied to the Pinellas County Water and Navigation Control Authority to fill and bulkhead. The application was approved subject to further approval by the Board of Trustees of the Internal Improvement Trust Fund.
The petitioners applied for water quality certification by the Department of Pollution Control and that application was denied. They filed a petition for review and, as a result of reorganization of the state environmental agencies, the petition was transferred to the Department of Environmental Regulation. A hearing ensued after which the hearing officer recommended an affirmance of the denial. The department adopted the recommendation and the denial was thereafter affirmed by the Board of Trustees of the Internal Improvement Trust Fund.
Petitioners, pursuant to the Administrative Procedure Act, section 120.68, Florida Statutes (1981), filed a petition with the First District Court of Appeal in which they challenged the facial constitutionality of section 253.124, Florida Statutes (1981). That petition was denied as was a petition for writ of certiorari to this Court. Albrecht v. Department of Environmental Regulation, 353 So.2d 883 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1210 (Fla. 1978).
The petitioners then filed suit against the State of Florida in the Circuit Court of Pinellas County. They allege that as a result of the permit denial they have been unable to put their property to any use and therefore, it has been taken without compensation in violation of the fifth and fourteenth amendments of the United States Constitution as well as article X, section 6; article I, section 9; and article I, section 21 of the Florida Constitution. They requested that the court make the property the subject of inverse condemnation and fix an amount to be paid to petitioners as compensation. The circuit court entered judgment on the pleadings against petitioners relying on Coulter v. Davin, 373 So.2d 423 (Fla. 2d DCA 1979), and the doctrine of res judicata. The Second District Court of Appeal affirmed the judgment as well as the rationale of the trial court. In Coulter the court held that the petitioners could have argued the issue of a taking of their property in the proceedings before the First District Court of Appeal and that they did not do so is irrelevant to the application of res judicata. In addition, the court held that the claim for inverse condemnation was an impermissible collateral attack upon a prior agency action. Albrecht, 407 So.2d at 211.
The petitioners argue that in light of Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 427 So.2d 153 (Fla. 1982), they are permitted to bring an action for inverse condemnation in the circuit court. In that case the petitioner applied for a dredge-and-fill permit from the Department of Environmental Regulation and the application was denied. The petitioner did not seek administrative review pursuant to section 253.76, Florida Statutes (1981), followed by appeal to the district court. Instead, Key Haven filed suit in circuit court alleging that the denial of the permit was proper but still constituted a taking of its property by inverse condemnation. This Court held that the property owner in such a case must exhaust administrative appeals as to the propriety of the action first, but then has a choice as to where to bring the taking issue. The party can raise the claim in direct review before the First District Court of Appeal or accept the agency action as proper and file suit for inverse condemnation in circuit court. The petitioners here argue that it makes no difference whether, after executive branch appeal on the propriety of the denial is exhausted, the party accepts the denial as proper and then brings an action for inverse condemnation in circuit court, as Key *11 Haven provides, or it does so after all executive branch and judicial appeals on the propriety of the denial have been exhausted, as in the present case. Although the petitioners never voluntarily accepted the agency action as proper, they argue that it should make no difference because, either way, the matter is settled. The action has been determined proper by the parties involved in one instance and by the judiciary in the other. In addition, the petitioners argue that res judicata should not apply when it would work an injustice such as it would in this case.
The respondents contend that the Key Haven decision was based on the policy of exhaustion of administrative remedies whereas this case was dismissed below on the basis of res judicata. Also, under Key Haven the petitioners were foreclosed from bringing an action in circuit court for inverse condemnation when they chose to appeal the propriety of the agency action in the district court. They argue further that because the petitioners could have raised their claim of an unconstitutional taking in the district court but did not, they are now barred from raising it in circuit court by the doctrine of res judicata. Finally, the doctrine would not work an injustice in this case nor would the state be unjustly enriched.
We disagree with the judgments of the circuit and district courts as to both the outcome and the basis for those decisions. Those courts expressly relied on the Coulter case to reach their decisions. We find that the application of the doctrine of res judicata was erroneous in that case as well as in the instant one. In Coulter the appellant had requested permission from the Hillsborough County Environmental Protection Commission to partially fill a pond. The commission denied the request pursuant to the Hillsborough County Environmental Protection Act, chapter 67-1504, Laws of Florida, which empowered it to regulate water pollution. Appellant did not file a petition for review of the denial with the district court. Instead, it brought suit in circuit court maintaining, among other things, that the denial amounted to a taking of property without just compensation. The trial judge dismissed the complaint on the basis of lack of subject matter jurisdiction. The district court held that, insofar as the taking issue was concerned, it could have been resolved in a district court review of the commission's action in denying permission to fill. Therefore, those issues are foreclosed by the doctrine of res judicata. The court stated:
We believe that the answer to the question should be determined by application of the principle of res judicata; those constitutional issues which could have been raised by the party in a petition to the district court of appeal for review of an agency action are foreclosed and may not be subsequently asserted in a suit for relief brought in circuit court.
373 So.2d at 425. The court reached the above conclusion after noting that section 120.68(12)(c), Florida Statutes, specifically provides that on judicial review of agency action by a district court of appeal, the court shall remand the case to the agency if it finds that the agency's action is in violation of a constitutional provision. Id. at 427.
The district court has presumed that because the statute allows such an issue to be brought before the district court on review of agency action, that it is mandating that it be brought only there. We do not believe that was the legislature's intention. It is too broad a leap to take the words of a statute which provide for remand if the action is found to be in violation of the constitution and interpret them to mean that any constitutional issue must be raised there or be forever barred. The district court's reasoning is further belied by the subsequent enactment of section 253.763, Florida Statutes (Supp. 1978), which provides a means of bringing a taking without compensation issue in circuit court.
The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, *12 as well as every actually litigated, issue. Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Lake v. Hancock, 38 Fla. 53, 20 So. 811 (1896). However, this principle only applies when the elements of res judicata are present and the doctrine is properly applied. Gordon, 59 So.2d at 43. Where the second suit is upon the same cause of action and between the same parties as the first, res judicata applies. The first judgment is conclusive as to all matters which were or could have been determined. Id. at 44; Prall v. Prall, 58 Fla. 496, 50 So. 867, 870 (1909). It has been well settled by this Court that several conditions must occur simultaneously if a matter is to be made res judicata: identity of the thing sued for; identity of the cause of action; identity of parties; identity of the quality in the person for or against whom the claim is made. Donahue v. Davis, 68 So.2d 163, 169 (Fla. 1953) (cases cited). It is also a settled rule that when the second suit is between the same parties, but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined in it. Gordon, 59 So.2d at 43. Therefore, if the cause of action is not the same there will be no estoppel as to those issues which could have been litigated in the previous action. The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions. Gordon; Prall; Lake.
We find that in the instant case the petitioners' claim of uncompensated taking constitutes a separate and distinct cause of action from that litigated previously. In the first action the petitioners were challenging the propriety of the agency's actions. The determination, judicially or otherwise, that the action was proper under the applicable statute does not necessarily also determine that there is no taking, nor does it necessarily bar the valid exercise of police power. It is a settled proposition that a regulation or statute may meet the standards necessary for exercise of the police power but still result in a taking. Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922); Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla.) cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). In addition, the facts necessary to maintain the taking action are different. There must be a diminution in value of the property as well as a lack of alternative uses. See Pennsylvania Coal Co. and Estuary Properties. Under a constitutionally valid statute providing for protection of the public welfare, those facts are irrelevant to the determination of propriety of the agency action. The first duty of the agency is to protect the public in compliance with the law, whether or not that results in inability to use the property. Neither the doctrine of res judicata nor estoppel by judgment apply to this case because the second cause of action is not the same as the first and the issues now presented were not actually litigated in the previous proceedings. It is unnecessary for us to determine whether it would be fair to apply res judicata in this case since that issue presumes proper application of the doctrine in the first place.
Permitting the petitioners to bring their claim in circuit court does not conflict with our decision in Key Haven. In that case we provided alternative methods of bringing a claim of inverse condemnation once all executive branch review of the action has been completed. Direct review in the district court of the agency action may be eliminated and proceedings properly commenced in circuit court if the aggrieved party accepts the agency action as proper. Key Haven, 427 So.2d at 159. The point is that the propriety of the agency action must be finally determined before a claim for inverse condemnation exists. In Key Haven we merely provided an alternative to direct review for those parties who wish to accept the propriety of the action. This was not meant to extinguish the property owner's right to bring the separate claim of inverse condemnation in circuit court at the conclusion of all judicial *13 as well as executive branch appeals regarding propriety of the action. Whether the party agrees to the propriety or it is judicially determined is irrelevant. In either case the matter is closed and a claim of inverse condemnation comes into being. We emphasized that once a party agrees to the propriety of the action and chooses the circuit court forum, it is estopped from any further denial that the action itself was proper. Id. at 160. This is not to say that once a party chooses to litigate the propriety of the action through the district court that it is estopped from bringing a claim of inverse condemnation in circuit court.
Having found the doctrine of res judicata improperly applied to this case, we quash the decision of the Second District Court of Appeal and remand with instructions to order the circuit court to conduct proceedings consistent with this opinion.
It is so ordered.
BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion in which ALDERMAN, C.J., concurs.
McDONALD, Justice, dissenting.
I dissent because I am unable to perceive any conflict between the opinion of the district court in this case and Dade County v. Yumbo, 348 So.2d 392 (Fla. 3d DCA 1977), or any other decisions of another district court of appeal or of the supreme court. Hence, I find no jurisdictional basis to entertain this matter.
Should I be able to reach the merits, I would concur.
ALDERMAN, C.J., concurs.