ERVIN, Judge.
Appellant-plaintiff appeals from an order granting summary judgment in a action for *985 malicious prosecution. We reverse and remand.
Appellant obtained a final judgment against Daniel D. Thompson and a writ of execution was issued pursuant to the judgment. In compliance with the writ, the sheriff levied upon an automobile owned by Thompson. Prior to the date of the execution sale, Farmers Bank and Trust of Bardstown, Kentucky (intervenor), intervened, claiming it had a superior interest in the judgment debtor’s automobile. Following the procedure set out in Sections 56.16 through 56.18, Florida Statutes, a hearing was conducted on the intervenor’s claim, which the lower court denied, ruling that the automobile did not belong to the inter-venor. Damages were thereupon assessed against the bank in the statutory amount of 20 percent of the value of the automobile. The trial court subsequently entered another judgment against the bank, this time based on the value of that part of the property that would have been subject to execution and sale if there had been no action by the intervenor.
Appellant thereafter filed the present action against appellee for malicious prosecution. The case was concluded at the trial level by the lower court’s order granting appellee’s motion for summary judgment, entered on the ground that the statutory remedy provided in section 56.18 furnishes plaintiff the “total” remedy for damages sought against a third party garnishor, and that res judicata bars the subsequent action. We reverse, finding the trial court erred in applying res judicata to the instant cause, and in concluding that section 56.18 provides the exclusive statutory remedy for damages caused by wrongful third party intervention.
Florida jurisprudence recognizes the common law tort of malicious prosecution. Hopke v. O’Byrne, 148 So.2d 755 (Fla. 1st DCA 1963). The tort includes as one of its elements the wrongful initiation of a civil proceeding. W. Prosser and W. Keeton, Law of Torts § 120 (5th ed. 1984). We are asked to decide whether the remedy provided to plaintiff by section 56.18 supersedes the remedy furnished to him by malicious prosecution. We cannot conclude from our examination of the applicable statutes that the remedy supplied therein was intended to be exclusive of any made available by the common law. Statutes ordinarily should be construed in such a way as to harmonize them with the existing common law. Vanner v. Goldshein, 216 So.2d 759 (Fla. 8d DCA 1968), and statutes designed to alter the common law must speak in unequivocal terms. Burklin v. Willis, 97 So.2d 129 (Fla. 1st DCA 1957). The relevant language in section 56.18 provides: “If the verdict is in favor of plaintiff and it appears that the claim was interposed for delay, plaintiff may be awarded reasonable damages, not exceeding 20 percent of the value of the property claimed.” (e.s.)
In the instant ease, the plaintiff was awarded damages of 20 percent of the value of the property claimed. Strictly construing section 56.18, we think it clear that the only damages the statute limits are damages which can be awarded when it “appears that the claim was interposed for delay.” The tort of malicious prosecution goes beyond damages for delay and requires malice and lack of probable cause in the original prosecution. See Prosser at 893-894. Moreover, a party bringing a malicious prosecution action is not limited to a specific amount of damages in that he may seek—as did plaintiff at bar—both compensatory and punitive damages. 52 Am. Jur.2d Malicious Prosecution § 104 (1970). We therefore conclude that section 56.18 does not limit appellant’s subsequent cause of action for malicious prosecution.
In granting summary judgment, the trial court held that the claim was barred by the doctrine of res judicata, stating: “[A]ll the elements of res judicata are found in the instant case.” We respectfully disagree. The elements of res judicata are as follows: (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of parties, (4) identity of the quality in the person for or against whom the claim is made. Albrecht v. State, 444 So.2d 8, 12 (Fla.1984). “[W]hen the second *986 suit is between the same parties, but based upon a different cause of action from the first, the prior judgment will not serve as an estoppel except as to those issues actually litigated and determined in it.” Id. The key to determining if the cause of action is the same is “whether the facts or evidence necessary to maintain the suit are the same in both actions.” Id. In an action for malicious prosecution, proof of malice is a necessary factual element, while malice is unnecessary for statutory damages under section 56.18. Since the facts necessary to maintain the two causes of action are different, the trial court clearly erred in concluding that the claim for malicious prosecution was barred by the doctrine of res judicata.
Since appellee failed to raise the affirmative defense of election of remedies below, it is therefore waived, 25 Am.Jur.2d Election of Remedies § 35 (1966); consequently, we decline to address the question of whether or not the doctrine of election of remedies could have prevented appellant from raising the malicious prosecution claim.
REVERSED and REMANDED for further proceedings.
WIGGINTON and BARFIELD, JJ., concur.