PER CURIAM.
Subsequent to the entry of a final judgment of foreclosure, there was a sale of the real property upon which the mortgage lien attached. Because of "waste,” the property at judicial sale failed to sell at a price sufficient to make the plaintiff whole. The plaintiff then sought a deficiency decree. The court took extensive testimony and determined that there was a deficiency of $50,000 and that both parties to this appeal were jointly and severally liable to the plaintiff in foreclosure for the deficiency. Their liability was based upon that certain mortgage given by the appellee, Jeffrey G. Pearl, to the plaintiff when he purchased the property from him and by the assumption of liability for said mortgage by the appellant, Wayne E. Dennis, when he purchased the property from Pearl. Thereafter, the trial court, determining the rights as between Pearl and Dennis, held that Pearl was entitled to indemnification from Dennis and could recover from Dennis the full amount of any sums Pearl paid in satisfaction of the deficiency judgment awarded the original plaintiff. This appeal is taken from the judgment of indemnification. We affirm.
Appellant urges procedural error in concluding the matter at a deficiency hearing. Even if such occurred, it would at most be harmless under the record in this case. Liberty Mutual Insurance Company v. United Services Automobile Association, 212 So.2d 813 (Fla. 3d DCA 1968); In Re Johnson, 157 Fla. 26, 24 So.2d 711 (1946); Section 59.041, Florida Statutes (1985).
While there can be no question that Pearl and Dennis are jointly and severally liable to the plaintiff in foreclosure, a different situation arises as between themselves. Dennis by assuming the plaintiffs mortgage when he purchased the property from Pearl was, as between Messrs Pearl and Dennis, the primary obligor and Pearl is only secondarily liable. See Ackley v. Noggle, 97 Fla. 640, 121 So. 882 (1929); Brownson v. Hannah, 93 Fla. 223, 111 So. 731 (1927); 37 Fla.Jur.2d, Mortgages and Deeds of Trust, Sec. 440. Therefore, the trial court correctly entered the order appealed.
Affirmed.