621 So.2d 762 (1993)
MAISON GRANDE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DORTEN, INC., and Robert L. Siegel, a Successor Trustee under the Siegel Family Trust, Appellees.
No. 92-2551.
District Court of Appeal of Florida, Third District.
July 6, 1993.
Rehearing Denied August 17, 1993.
*763 Hyman & Kaplan and Edoardo Meloni and Michael Hyman, Miami, for appellant.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Perwin, Miami, for appellees.
Before BASKIN, COPE and GERSTEN, JJ.
BASKIN, Judge.
Maison Grande Condominium Association, Inc. [Maison Grande], appeals a final judgment finding that Maison Grande's suit is barred by res judicata. We affirm.
In 1971, Maison Grande entered into a ninety-nine year lease with Dorten, Inc., and the Siegel Family Trust [collectively "Defendants"], for the use of the facilities adjacent to the condominium. Paragraph IV b. of the lease provides for periodic increases in rental payments based on the rise in the cost of living; rental payments have increased over the years.
In 1991, Maison Grande filed an action against Defendants seeking to have the rent escalation provision declared unconscionable pursuant to section 718.122, Florida Statutes (1991).[1] Defendants filed a motion for summary judgment arguing that the action was barred by res judicata as the parties have been involved in other lawsuits in which the issue of unconscionability was addressed and resolved adversely to Maison Grande.[2] The court granted *764 Defendants' motion and entered final summary judgment finding that res judicata barred the lawsuit.
We agree with the trial court's conclusion. The Florida Supreme Court in Albrecht v. State, 444 So.2d 8, 11-12 (Fla. 1984), explained the doctrine of res judicata as follows: "The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is absolute and puts to rest every justiciable, as well as every actually litigated, issue... . The first judgment is conclusive as to all matters which were or could have been determined." (Citations omitted); Donahue v. Davis, 68 So.2d 163 (Fla. 1953); Liberty Mutual Ins. Co. v. Jozwick, 204 So.2d 216 (Fla. 3d DCA 1967), cert. dismissed, 212 So.2d 640 (Fla. 1968). A judgment renders a matter res judicata upon the occurrence of four conditions: identity of the thing sued for; identity of cause of action; identity of parties; identity of the quality in the person for or against whom the claim is made. Albrecht, 444 So.2d at 12.
Maison Grande argues that res judicata is inapplicable because this cause of action, which asserts that the clause is unconscionable as violative of section 718.122, raises a new issue, and is not identical to any action previously asserted. We disagree. The record before us demonstrates that this suit represents another attempt by Maison Grande to attack the validity or conscionability of the clause.
"The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." Albrecht, 444 So.2d at 12; Gordon v. Gordon, 59 So.2d 40 (Fla. 1952). "[A] request for different relief does not prevent the first proceedings from serving as a bar to a second action." Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981). The record supports the trial court's finding that the issue has been litigated.
Additionally, section 718.122 does not create a new cause of action, but rather creates a rebuttable presumption to be applied in connection with the unconscionability action. Beeman v. Island Breakers, A Condominium, Inc., 577 So.2d 1341, 1346 (Fla. 3d DCA 1990), corrected by, 591 So.2d 1031 (Fla. 3d DCA), review denied, 591 So.2d 180 (Fla. 1991). We hold that Maison Grande has previously raised the issue of the clause's unconscionability and is barred from repeating its attack. Albrecht. Thus, we affirm the judgment.
Affirmed.
NOTES
[1] Section 718.122, which became effective July 1, 1977, establishes a rebuttable presumption that a lease for condominium recreational facilities that contains certain provisions is unconscionable. "It is the intent of the Legislature that this section is remedial and does not create any new cause of action to invalidate any condominium lease, but shall operate as a statutory prescription on procedural matters in actions brought on one or more causes of action existing at the time of the execution of such lease." § 718.122(2), Fla. Stat. (1991).
[2] In 1975, Maison Grande sued Defendants (in federal court) asserting that the rent escalation provision violated federal antitrust laws. The jury returned a verdict in Defendants' favor in 1981. The verdict was affirmed on appeal.

In 1975, Defendants sued Maison Grande for breach of contract for failure to make rental payments. Maison Grande counterclaimed, alleging that the rent escalation clause was unconscionable, and that the clause violated a newly enacted Condominium Act provision. The court granted Defendants a directed verdict on the statutory issue, and the jury returned a verdict for Defendant on the unconscionability issue. In 1977, both verdicts were affirmed on appeal. Maison Grande Condominium Ass'n, Inc. v. Dorten, Inc., 358 So.2d 851 (Fla. 3d DCA), cert. denied, 366 So.2d 883 (Fla. 1978).
In 1988, Maison Grande sued Defendants to compel the sale of the recreation facilities. Maison Grande voluntarily dismissed this lawsuit.
In 1989, Defendants sued Maison Grande again for failure to make rental payments. Maison Grande asserted that the escalation provision was void under section 718.4015(2), Florida Statutes. Defendant prevailed on a motion for summary judgment which was affirmed on appeal. Maison Grande Condominium Ass'n, Inc. v. Dorten, Inc., 600 So.2d 463 (Fla. 1992), aff'g, 580 So.2d 859 (Fla. 3d DCA 1991).