PER CURIAM.
This cause is before us on appeal from a final order modifying appellee’s child support obligation. Appellants contend (1) that the trial court erred in holding res judicata barred appellants’ claim for enforcement of child support arrearages; (2) that the trial court abused its discretion in faffing to make its modification order retroactive to the date of the petition for modification; and (3) that the trial court erred in awarding appellant Department of Health and Rehabilitative *1311 Services (HRS) less than its full administrative costs.
Briefly, the relevant facts are that appellant Cynthia R. Neale and appellee Kevin H. Balcerak married in June 1975. Two minor children were born of this marriage, and the parties divorced in September 1979. Pursuant to the final order dissolving the marriage, appellee was to pay child support in the amount of $200 per month.
Appellant Neale and the two children thereafter moved to Alabama, and at some point between the date of dissolution and February 1981, appellee apparently ceased making child support payments. In 1985 appellant Neale brought a petition under the Uniform Reciprocal Enforcement of Support Act (URESA) for enforcement of the 1979 order. The record does not contain a transcript of the hearing held on the 1985 petition. An order was entered on the petition, however, requiring appellee to begin making $200-per-month payments in December 1985. The order was entered on a standard form which contained spaces for addressing the amount of any arrearage and a repayment schedule for such arrearages. These spaces were left blank, and the margin next to these spaces contains the notation “N/A.” Thus, it appears that the 1985 order simply required appellee to comply with the 1979 order but did not require him to pay arrear-ages.
In May 1992, appellant Neale filed with Alabama authorities a URESA petition for upward modification of child support, enforcement of certain arrearages for unpaid medical bills, and enforcement of arrearages for unpaid child support which had accrued between 1979 and 1985. An Alabama juvenile court determined that the petition stated grounds for the relief requested, and the petition was forwarded to appellant HRS for prosecution. Appellant HRS brought the instant proceeding on appellant Neale’s behalf.
The record does not contain a transcript of the final hearing, however the parties have filed a stipulated statement of the evidence pursuant to Florida Rule of Appellate Procedure 9.200. No issue is raised herein as to whether the trial court was justified in upwardly modifying appellee’s child support obligation, and thus we need not discuss the evidence of the parties’ relative financial circumstances, other than to state that the circumstances existed as of the date of the petition. Appellants presented evidence that the 1985 order was not intended to address the issue of any arrearages which had accrued prior to that date, while appellee testified that the 1985 trial judge had orally ruled that no arrearages were due. Appellant HRS presented evidence that it had incurred administrative costs totaling $559.91.
The trial court entered an order which in pertinent part modified appellee’s child support obligation to an amount in accordance with section 61.30, Florida Statutes. Appellants’ request that the modification be made retroactive to the date of filing the petition was denied, and the modification was made effective from the date of the order. The trial court found that the 1985 order had been intended to address the issue of arrear-ages and accordingly held that res judicata barred the right to collect arrearages. Finally, the trial court awarded HRS part of its administrative costs.
As to the first issue, appellants address their argument to whether the trial court’s finding that the 1985 order contained an adjudication of arrearages is supported by competent, substantial evidence. Regardless of whether the 1985 order contained an adjudication of appellant Neale’s claim for arrear-ages, however, that order acted as a bar to appellants’ present claim for arrearages. The general principle behind the doctrine of res judicata is that a final judgment by a court of competent jurisdiction puts to rest every justiciable, as well as every actually litigated issue. Albrecht v. State, 444 So.2d 8, 11-12 (Fla.1984). Thus, the 1985 judgment is conclusive as to all matters which were or could have been determined. We therefore affirm as to the first issue.
As to the second issue, the applicable rule is that an order granting modification of child support should be made retroactive to the date of filing the petition, when the circumstances justifying modification existed on the date of filing the petition. Davis v. Davis, 581 So.2d 1005 (Fla. 1st DCA 1992). *1312 Appellee concedes error as to this issue, and we therefore reverse as to this issue.
As to the third issue, administrative costs are defined in section 409.2554, Florida Statutes. Section 409.2567, Florida Statutes, unambiguously provides that “the obligor is responsible for all administrative costs.” The statute directs that costs be imposed and does not direct that these costs may be imposed on a need and ability to pay analysis as under chapter 61, Florida Statutes. Consequently, the trial court erred in awarding appellant HRS less than all of its costs, and we therefore reverse as to the third issue.
The order appealed from is affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
BOOTH, SMITH and WEBSTER, JJ., concur.