# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-937
Lower Tribunal No. 14-6809

_____


**Darrell Keith Wilson, Sr.,**
Appellant,

vs.

**Paul M. Kade, individually, and d/b/a
The Law Offices of Paul M. Kade**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Darrell Keith Wilson, Sr., in proper person.

Shendell & Pollock, Diran V. Seropian, Kenneth Pollock and Jonah D. Kaplan (Boca Raton), for appellees.


Before EMAS, LOGUE and SCALES, JJ.

PER CURIAM.

Upon our de novo review, <u>Jackson v. Shakespeare Foundation, Inc.</u>, 108 So. 3d 587 (Fla. 2013), we affirm the trial court's order dismissing with prejudice Darrell Keith Wilson, Sr.'s fourth amended third-party complaint against appellee Paul Kade. The trial court concluded, and we agree, that each of the claims asserted therein—even assuming that they stated a cause of action—constituted compulsory counterclaims to a prior action brought by Kade against Wilson.[1] <u>See</u> Fla. R. Civ. P. 1.170(a) (providing: "A pleading must state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction"); <u>B & V Ltd. v. All Dade Gen. Constr., Inc.</u>, 662 So. 2d 413, 415 (Fla. 3d DCA 1995) (holding that under the logical relationship test, a compulsory counterclaim exists "when the same aggregate of operative facts serves as the basis of both claims." (quoting <u>Neil v. South Fla. Auto Painters, Inc.</u>, 397 So. 2d 1160,

---

[1] The trial court also concluded that none of Wilson's purported claims set forth a viable cause of action, and that any further attempt to amend the pleading would have been futile. <u>See</u> <u>Grove Isle Ass'n v. Grove Isle Assocs., LLP</u>, 137 So. 3d 1081 (Fla. 3d DCA 2014). Wilson had five opportunities to plead a legally sufficient cause of action, and we find the trial court did not abuse its discretion in denying further leave to do so. <u>Coral Gables Distrib., Inc. v. Milich</u>, 992 So. 2d 302, 303 (Fla. 3d DCA 2008) (observing that "as an action progresses, the privilege of amendment progressively decreases to the point that the trial judge does not abuse his discretion in dismissing with prejudice") (quoting <u>Kohn v. City of Miami Beach</u>, 611 So. 2d 538, 539 (Fla. 3d DCA 1992)).

1164 (Fla. 3d DCA 1981))). In addition, we agree with the trial court that Kade's prior action against Wilson had already proceeded to final judgment in 2007 and that Wilson's failure to plead the compulsory counterclaims in that prior action resulted in a waiver of those claims. See Londono v. Turkey Creek, Inc., 609 So. 2d 14, 19 (Fla. 1992) (holding that the failure to raise a compulsory counterclaim in the first suit will result in a waiver of that claim); Bracha Holding, Inc. v. U.S. Small Bus. Admin., 800 So. 2d 657 (Fla. 3d DCA 2001).

Affirmed.